**EXHIBIT 1**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2012**

E-Filing Number: 1209035771

**002789**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RACHAEL GONZALEZ | STEIN, A FRIGOSCANDIA COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1942 S. 9TH STREET 2ND FL.<br>LEBANON PA 17042 | 1622 FIRST STREET<br>SANDUSKY OH 44871 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DAVID FLORES | FRIGOSCANDIA, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1942 S. 9TH STREET 2ND FL.<br>LEBANON PA 17042 | 1494 N.E. 40TH STREET<br>REDMOND WA 98052 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | FMC FOODTECH, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1622 FIRST STREET<br>SANDUSKY OH 44870 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 18 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>SEP **24** 2012<br>**S. GARRETT** | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RACHAEL GONZALEZ , DAVID FLORES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ARTHUR L. BUGAY | 1835 MARKET ST., STE 2710<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 665-1600 | (215) 564-2262 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 62251 | abugay@galfandberger.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ARTHUR BUGAY* | Monday, September 24, 2012, 03:28 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. FMC TECH, INC.
   200 E. RANDOLPH DRIVE SUITE 6600
   CHICAGO IL 60601
2. FRIGOSCANDIA FOOD PROCESS SYSTEMS AB
   RUSTHALLGATEN
   HELSINGBORG
3. JBT FOODTECH, IND. & A DIV. OF JBT CORPORATION
   200 E.RANDOLPH DRIVE SUITE 6600
   CHICAGO IL 60601
4. FMC CORPORATION
   1735 MARKET STREET
   PHILADELPHIA PA 19103
5. JBT CORPORATION
   200 E. RANDOLPH DRIVE SUITE 6600
   CHICAGO IL 60601
6. JOHN BEAN TECHNOLOGIES CORP. P/F/D/B/A JBT CORPORATION
   200 E. RANDOLPH DRIVE SUITE 6600
   CHICAGO IL 60601
7. SAM STEIN ASSOCIATES, INC.
   1622 FIRST STREET
   SANDUSKY OH 44870
8. BETTCHER INDUSTRIES A/P/F/D//B/A BETTCHER IND., INC.
   P.O. BOX 336
   VERMILION OH 44089
9. STEIN, INC., A DELAWARE CORPORATION
   1622 FIRST STREET
   SANDUSKY OH 44870
10. SA ACQUISITION CO. A/P/F/D/B/A SA ACQUISITION, INC.
    1622 FIRST STREET
    SANDUSKY OH 44870
11. STEIN ASSOCIATES, INC. A/P/F/D/B/A STEIN INC.
    1622 FIRST STREET
    SANDUSKY OH 44870
12. STEIN, INC.
    1622 FIRST STREET
    SANDUSKY OH 44870
13. FMC TECHNOLOGIES, INC. P/F/D/B/A FMC TECHNOLOGIES AND/OR FTI
    1622 FIRST STREET
    SANDUSKY OH 44871
14. FRIGOSCANDIA FOOD PROCESS SYSTEMS, INC.
    300 E. LOMBARD STREET
    BALTIMORE MD 21202
15. FRIGOSCANDIA EQUIPMENT, INC.
    300 E. LOMBARD STREET
    BALTIMORE MD 21202
16. FMC FOODTECH, INC.
    1622 FIRST STREET
    SANDUSKY OH 44870
17. FRIGOSCANDIA, INC.
    1494 N.E. 40TH STREET
    REDMOND WA 98052
18. STEIN, A FRIGOSCANDIA COMPANY
    1622 FIRST STREET
    SANDUSKY OH 44871

NOTICE TO PLEAD

TO: All Defendants

You are hereby notified to file a written response to the by
enclosed Complaint within twenty (20) [ILLEGIBLE] date of
service hereof or a judgment may be [ILLEGIBLE] 2012-03-28 pm
S. GARRETT

Attorney for Plaintiffs

GALFAND BERGER. L.L.P.
BY:  ARTHUR L. BUGAY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
PA ID 62251
abugay@galfandberger.com

THIS IS NOT AN ARBITRATION CASE AN
ASSESSMENT OF DAMAGESHEARING IS
REQUIRED

Attorney for
Plaintiffs

RACHAEL GONZALEZ
DAVID FLORES w/h
1942 S. 9th Street, 2nd Fl.
Lebanon, PA 17042,

        Plaintiff,

        v.

STEIN, A FRIGOSCANDIA COMPANY
1622 First Street
Sandusky,OH 44871 and/or 44870
and
FRIGOSCANDIA, INC.
1494 N.E. 40th Street
Redmond, WA 98052 and at
200 E. Randolph Drive, Suite 6600,Chicago, IL
60611
and
FMC FOODTECH, INC.
1622 First Street
Sandusky, OH 44870 and/or 44871 and at
CHICAGO & THE CORP TRUST
and
FRIGOSCANDIA EQUIPMENT, INC.
300 E. Lombard Street
Baltimore, MD 21202 and at
1622 First Street, Sandusky, OH 44870 and at
200 E. Randolph Drive
Chicago, IL 60611
and
FRIGOSCANDIA FOOD PROCESS SYSTEMS,
INC.
300 E. Lombard Street
Baltimore, MD 21202 and at
1622 First Street, Sandusky, OH 44870 and at
200 E. Randolph Drive
Chicago, IL 60611

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TRIAL DIVISION

SEPETEMBER TERM, 2012
NO.

JURY TRIAL DEMANDED

Case ID: 120902789

and
FMC TECHNOLOGIES, INC. p/f/d/b/a
FMC TECHNOLOGIES and/or FTI
1622 First Street
Sandusky, OH 44870 and/or 44871 and at
200 E. Randolph Drive
Chicago, IL 60611
and
STEIN, INC., an Ohio Corporation
1622 First Street
Sandusky, OH 44870 and/or 44871
And
STEIN ASSOCIATES, INC. a/p/f/d/b/a
STEIN INC., f/d/b/a STEIN ASSOCIATES, INC.
1622 First Street
Sandusky, OH 44870 and/or 44871
and
SA ACQUISITION CO. a/p/f/d/b/a
SA ACQUISITION, INC. and/or SA
ACQUISITION CO., INC.
1622 First Street
Sandusky, OH 44870 and/or 44871
and
STEIN, INC., a Delaware Corporation
1622 First Street
Sandusky, OH 44870 and/or 44871
and
BETTCHER INDUSTRIES a/p/f/d/b/a
BETTCHER INDUSTRIES, INC.
P.O. Box 336
Vermilion, OH 44089
and
SAM STEIN ASSOCIATES, INC.
1622 First Street
Sandusky, OH 44870 and/or 44871
and
JOHN BEAN TECHNOLOGIES CORPORATION
p/f/d/b/a JBT CORPORATION
200 E. Randolph Drive, Suite 6600
Chicago, IL 60601
and
JBT CORPORATION
200 E. Randolph Drive, Suite 6600
Chicago, IL 60601
and
FMC CORPORATION
1735 Market Street, Phila. PA 19103 and at
200 E. Randolph Drive, Suite 6600
Chicago, IL 60601
and
JBT FOODTECH, individually and as a division of
JBT CORPORATION
200 E. Randolph Drive, Suite 6600
Chicago, IL 60601

2

Case ID: 120902789

and
FRIGOSCANDIA FOOD PROCESS SYSTEMS     :
AB                                    :
Rusthallsgaten 21                     :
Helsingborg, Sweden                   :
and                                   :
FMC TECH, INC.                        :
200 E. Randolph Drive, Suite 6600     :
Chicago, IL 60601and at               :
1622 First Street                     :
Sandusky, OH 44870 and/or 44871       :
                    Defendants        :

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHOMOTARY:

    Kindly issue a Writ of Summons on behalf of the Plaintiffs in the above captioned matter.

                                   GALFAND BERGER, L.L.P.

                                  BY:                                  
                                     ARTHUR L. BUGAY, ESQUIRE

Dated:  September 24, 2012

3

C.P.97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

RACHAEL GONZALEZ
DAVID FLORES. W/H

COURT OF COMMON PLEAS

_____ Term, 20_____

No. _____

*vs.*

STEIN, A FRIGOSCANDIA COMPANY, ET
AL.

To[1]

Stein, A Frigoscandia Company and
Frigoscandia, Inc. and FMC FoodTech
Inc. and Frigoscandia Equipment, Inc.
and
Frigoscandia Food Process Systems,
Inc.
FMC Technologies Inc. p/f/d/b/a
FMC TEchnologies and/or FTI

Stein Inc, & Stein Associates, Inc.
SA Acquisition Co.. and Bettcher
Industries Inc. and Sam Stein Assoc.,
Inc. and John Bean Technologies and
JBT Corporation and FMC Corporation
and JBT FoodTech and Frigoscandia

Food Process Systems AB and
FMC Tech, Inc.

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

Rachael Gonzalez and David Flores

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____



120902789
24 SEP 2012 03:28 pm
S. GARRETT

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev 6/00)

Case ID: 120902789

COURT OF COMMON PLEAS

_____ Term, 20 _____ No. _____

RACHAEL GONZALEZ
DAVID FLORES W/H

vs.

STEIN, A FRIGOSCANDIA COMPANY, ET AL.

SUMMONS

Case ID: 120902789

**EXHIBIT 2**



GALFAND BERGER. L.L.P.
BY: ARTHUR L. BUGAY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
PA ID 62251
abugay@galfandberger.com

Attorney for
Plaintiffs

RACHAEL GONZALEZ
DAVID FLORES w/h

Plaintiff,

v.

STEIN, A FRIGOSCANDIA COMPANY, ET AL

Defendants

:: IN THE COURT OF COMMON PLEAS
:: PHILADELPHIA COUNTY
::
:: TRIAL DIVISION
::
:: SEPTEMBER TERM, 2012
:: NO. 002789
::
::
::
::

## STIPULATION

The product at issue in this case references Stein, a Frigoscandia Company ("subject product"). All parties, through their counsel, hereby stipulate and agree that Defendant John Bean Technologies Corporation, p/f/d/b/a JBT Corporation ("JBT") is the proper party identified in response to the products liability claims asserted by Plaintiffs in the above civil action. Should such liability be found, which Defendants deny, through verdict or otherwise, there will be no asserted defense by Defendant JBT that it should not be held responsible for the product liability claims asserted by Plaintiffs because it allegedly did not design, manufacture or sell the subject product.

It is further stipulated and agreed that Defendant JBT stands in the position of designer, manufacturer and seller of the subject product as if it was the original designer, manufacturer and seller of the subject product. Pursuant to this Stipulation, it is therefore a stipulated fact that the subject product was designed, manufactured and/or sold by Defendant JBT, exclusively, and without participation or involvement by the following Defendants: FMC Tech, Inc., Frigoscandia Food Process Systems, AB, JBT Foodtech, Ind and as a division of FMC Corporation, Sam Stein Associates, Bettcher Industries, Stein, Inc., a Delaware Corporation,

Case ID: 120902789

Stein, Inc., Stein Associates, Inc., SA Acquisition Company, Frigoscandia Food Process Systems, Frigoscandia Equipment, Frigoscandia, Inc., Stein, a Frigoscandia Company, and FMC Technologies; and it is stipulated and agreed that Plaintiffs' claims against FMC Tech, Inc., Frigoscandia Food Process Systems, AB, JBT Foodtech, Ind.& as a division of JBT Corporation, FMC Corporation, Sam Stein Associates, Bettcher Industries, Stein, Inc., a Delaware Corporation, Stein, Inc., Stein Associates, Inc., SA Acquisition Company, Frigoscandia Food Process Systems, Frigoscandia Equipment, Frigoscandia, Inc., Stein, a Frigoscandia Company, and FMC Technologies are hereby withdrawn without prejudice.

Should it be established that any dismissed Defendant is involved with regard to said matter, there will be no objection with regard to any limitations period of time so long as Plaintiff adds said dismissed Defendant to the Complaint within twelve (12) months of the date of signature of this Stipulation

It is further stipulated and agreed that counsel for Defendants, identified below, has authority to enter into this stipulation as stated.

It is further stipulated and agreed that the caption to this civil matter is hereby amended as follows:

RACHAEL GONZALEZ
DAVID FLORES

    VS.

JOHN BEAN TECHNOLOGIES CORPORATION, a/p/f/d/b/a JBT CORPORATION

So Stipulated And Agreed To By:

ROBERT A. KORN, ESQUIRE
JOSHUA C. QUINTER, ESQUIRE
Kaplin, Stewart, Meloff, Reiter & Stein, P.C.
Union Meeting Corporate Center
910 Harvest Drive
P.O. Box 3037
Blue Bell, Pennsylvania 19422
Attorney for Defendants

Dated: 1/14/13

ARTHUR R. BUGAY, ESQUIRE
Galfand Berger, LLP
1835 Market Street, Suite 2710
Philadelphia, PA  19103

Attorney for Plaintiffs

Dated: 1/11/13

Case ID: 120902789

KAPLIN STEWART MELOFF REITER & STEIN, PC
BY:   ROBERT A. KORN, ESQUIRE
        JOSHUA C. QUINTER, ESQUIRE
        KARIN CORBETT, ESQUIRE
        ATTORNEY ID NOS. 09229/87583/208418
910 Harvest Drive
PO Box 3037
Blue Bell PA 19422
(610) 941-2521
(610) 684-2024 (facsimile)

Attorney for Defendants
John Bean Technologies Corp.
p/f/d/b/a JBT Corporation

| RACHEL GONZALEZ and DAVID FLORES, | : | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PA |
|---|---|---|
| Plaintiffs | : | |
| v. | : | No. 120902789 |
| JOHN BEAN TECHNOLOGIES CORP., p/f/d/b/a JBT CORPORATION, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Stipulation

was caused to be sent by first class mail, postage prepaid by the undersigned on the date stated

below, to the addressee stated below:

Arthur L. Bugay Esquire
Galfand Berger, LLP
1835 Market Street, Suite 2710
Philadelphia PA 19103

KAPLIN STEWART MELOFF REITER & STEIN, PC

ROBERT A. KORN, ESQUIRE
JOSHUA C. QUINTER, ESQUIRE
KARIN C. CORBETT, ESQUIRE
Attorneys for Defendant
John Bean Technologies Corp.,
p/f/d/b/a JBT Corporation

Dated:  January 15, 2013

2789292v1

Case ID: 120902789

# EXHIBIT 3



**NOTICE TO PLEAD**

TO: All Defendants

You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from the date of service hereof or a judgment may be entered against you.

_____
Attorney for Plaintiff

**THIS IS NOT AN ARBITRATION CASE**
**AN ASSESSMENT OF DAMAGES HEARING IS**
**REQUIRED**

GALFAND BERGER. L.L.P.
BY: ARTHUR L. BUGAY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
PA ID 62251
abugay@galfandberger.com
_____

RACHAEL GONZALEZ
DAVID FLORES w/h

      Plaintiff,

      v.

JOAN BEAN TECHNOLOGIES, p/f/d/b/a JBT
CORPORATION, ET AL

      Defendants
_____

Attorney for
Plaintiffs

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TRIAL DIVISION

SEPTEMBER TERM, 2012
NO. 002789

JURY TRIL DEMANDED

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a writ-ten appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyer Referral Service
One Reading Center
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

Case ID: 120902789

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE

PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 120902789

GALFAND BERGER. L.L.P.
BY: ARTHUR L. BUGAY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
PA ID 62251
abugay@galfandberger.com

RACHAEL GONZALEZ
DAVID FLORES w/h

        Plaintiff,

      v.

JOHN BEAN TECHNOLOGIES, p/f/d/b/a
JBT CORPORATION, ET AL.

        Defendants

Attorney for
Plaintiffs

:: IN THE COURT OF COMMON PLEAS
:: PHILADELPHIA COUNTY
::
:: TRIAL DIVISION
::
:: SEPTEMBER TERM, 2012
:: NO. 002789
::
:: JURY TRIAL DEMANDED
::
::
::
::

## COMPLAINT

1. Plaintiff, Rachael Gonzalez is a citizen of Nicaragua. She is a resident of the

Commonwealth of Pennsylvania and has resided therein at 1942 S. 9th Street, 2nd Floor, Lebanon,

Pennsylvania 17042. She presently lives at 730 ½ Lebanon Street, Lebanon, Pennsylvania

17046. Plaintiff David Flores is the husband of Plaintiff Rachael Gonzalez. He is a citizen of

Nicaragua. He is a resident of the Commonwealth of Pennsylvania and has resided therein with

Rachael Gonzalez at 1942 S. 9th Street, 2nd Floor, Lebanon, Pennsylvania 17042. He presently

lives at 730 ½ Lebanon Street, Lebanon, Pennsylvania 17042.

2. Defendant John Bean Technologies Corporation is, upon information and belief, a

Delaware corporation with a principal place of business located at 200 E. Randolph Drive, Suite

6600, Chicago, Illinois 60601 and at 70 W. Madison Street, Chicago, Illinois 60602.

3. Defendant John Bean Technologies Corporation is also known as and/or is presently

and/or formerly doing business as JBT Corporation ("JBT"). This Defendant may hereinafter

also be referred to as Defendant JBT.

1

4. The instant civil action was commenced by Writ of Summons in September 2012. After service upon Defendant and other Defendant entities, the parties entered into a Stipulation, a copy of which is attached hereto as Exhibit "A."

5. On October 14, 2010, Plaintiff-Wife was an employee of Murry's Inc. ("Murry's"). Her job position was as a quality control employee who, among other tasks, checked on food quality.

6. At the time of her accident, her employer required her to wear sanitary clothing which is common and standard in the food industry. This work clothing included hair nets and long sleeved overcoats, also referred to as food smocks or robes, to cover her clothes.

7. On October 14, 2010, Plaintiff Rachael Gonzalez was injured by Defendant's product, a charmarker and its components, which includes a conveyor portion. The subject product references the name "Stein, a Frigoscandia Company," and, upon information and belief, bears the serial number of "SS40-103" or "S540-103." This product may also hereinafter be referred to as the subject product.

8. On the aforesaid date, Plaintiff was wearing said protective clothing and performing her job duties when the machine's unguarded and unprotected components snagged her clothing and dragged her right dominant hand and arm into its components causing her severe permanent injuries, discussed below.

9. The subject product, and its components, is the product at issue with regard to Plaintiffs' products liability civil claims asserted in this civil action.

10. In the aforementioned Stipulation, the parties agreed to the following facts, incorporated by reference:

    a. Defendant JBT is the proper party identified in response to the products liability claims asserted by Plaintiffs in this civil action;

Case ID: 120902789

    b.  Defendant JBT designed, manufactured and sold the subject product exclusively;

    c.  The proper caption in this civil action is Rachael Gonzalez and David Flores v. John Bean Technologies Corporation, a/p/f/d/b/a JBT Corporation.  See, Exhibit "A."

11. At all relevant times, Defendant regularly conducted business in the Commonwealth of Pennsylvania and/or the City and County of Philadelphia.

12. Venue is proper pursuant to the Pennsylvania Rules of Civil Procedure.

13. As designed, the subject product, upon information and belief, is used as a machine that conveys food which, by design, imprints a mark on food to simulate the appearance of having been grilled and/or broiled.  As part of its system, the subject product incorporates conveyor components which move the food being marked and/or transported through the machine's system.

14. As sold, the subject product did not incorporate everything necessary to make it safe for its intended uses.  In particular, the subject product included unsafe conditions which were feasible to eliminate or minimize through a feasible and/or reasonable alternative safety design before the subject product's sale through product safety components including, but not limited to proper and/or adequate guarding and/or emergency stopping systems, properly located, and/or the use and inclusion of proper or adequate warnings and/or instructions.

15. The subject product was unreasonably dangerous in its design, manufacture and its condition as sold.

16. At all relevant times, Plaintiff was an intended user among those who were expected to interact with the said product during the product's normal, intended and/or foreseeable uses.

17. The subject product did not include proper or adequate safety components, including

Case ID: 120902789

proper or adequate guards and/or automatic and/or electronic shut off devices, including but not limited to, safety lean bars, electronic barrier or sensor mats, guard devices, and/or emergency stop cords and/or buttons and/or other similar safety components to eliminate or minimize injury to those using or who are in the vicinity of the subject product and/or its components.

18. At all relevant times, Plaintiff acted with due care.

19. It is believed and averred that said accident and injury was a direct and proximate result of the subject product's unsafe design and its failure to include proper or adequate warnings and/or safety components, as discussed herein.

20. As a direct and proximate result of Defendant's negligence, the defects associated with the subject product and its components discussed herein, and/or Defendant's respective breaches of warranty, express or implied, Plaintiff-Wife suffered the following injuries and damages:

   a.  Severe physical injuries including, inter alia, crush injuries to her right dominant wrist, including but not limited to severe and extensive abrasion, burn and lacerations to said wrist and arm and hand;

   b.  Extensive lacerations to her tendons, including permanent injury to her extensor tendon, her the extensor pollicis longus, extensor propius, extensor digitorum communis tendons; and her extensor digiti minimi;

   c.  Disruption to the longitudinal component of her triangular fibrocartilage complex;

   d.  Severe/acute carpal tunnel syndrome;

   e.  Multiple bone fractures, including but not limited to the displaced fracture involving her ulnar styloid, her scaphoid and with injuries, fractures and damages to her triquetral bone with osteopenia crushes;

   f.  Injuries to the scaphoid;

4

g.  Dorsal subluxation to her right distal ulna;

h.  An ununited right ulnar styloid fracture;

i.  Burns with skin loss to both the volar and dorsal aspects of her right dominant wrist and distal forearm, with lacerations to her extensor tendons, including the extensor pollicus longus, extensor indices proprius, extensor digitorum communis tendons, extensor digiti minimi, with disruption to the longotundinal component of her triangular fibrocartilage complex, with abrasion burns to her volar and distal aspects of her wrist;

j.  Enthesopathy to her right wrist and carpus;

k.  A triangular fibrocartilage tear;

l.  Synovitis and teno synoivitis.

21. As a direct and proximate result of these physical injuries, Plaintiff underwent an open carpal tunnel release and/or other surgical and/or operative procedures to repair and treat her crush injuries.

22. In addition to her injuries, she also suffered severe nerve damage to her right dominant hand, which include injuries to the musculative, tissue, tendon and bone with loss of power and control.

23. In addition, Plaintiff underwent medical procedures and operations for surgical repair of her multiple extensor tendons with debridement to her skin around the wrist.

24. In addition to the injuries and damages identified above, Plaintiff suffered the following injuries and damages:

a.  Pain and suffering, past and future;

b.  Medical damages, past and future;

5

Case ID: 120902789

    c.   Lost earnings and earnings capacity;

    d.   Loss of life's pleasures, past and future.

25. Presently, Plaintiff is left with permanent and severe limitations and injuries to her right dominant hand and wrist. In particular, her fingers are stiff, she cannot make a fist completely and/or at all. She has trouble moving and/or twisting her hand and/or rotating her forearm. Her hand and fingers are numb along with pain. She has sensitivity to temperature change and cannot write.

26. Plaintiff also has problems with pain and numbness including reflexive sympathetic dystrophy and/or other similar nerve damage, injuries and/or sesquelae. Plaintiff has permanent and severe scarring.

## COUNT I-NEGLIGENCE

## PLAINTIFFS v. DEFENDANT

For their First Count, Plaintiff aver as follows:

27. Plaintiffs hereby incorporate by reference the paragraphs above as though fully set forth at length herein.

28. The aforesaid injuries and damages to Plaintiff-Wife were caused by Defendant's negligence, carelessness, recklessness, wrongdoing, its disregard for and/or unreasonable regard for the safety of others, including the product's users and/or bystanders, through acts or omissions, as follows:

    a.   The failure to design, manufacture, sell, supply and inspect, maintain, test and/or install the subject product and components with due care;

6

b. The failure to incorporate on the subject product and/or components thereto, proper and adequate safety features for the product's intended uses and for its foreseeable uses and/or misuses;

c. The failure to properly or adequately guard the subject product and/or its components to minimize the risk or danger of injury to those using and/or in the vicinity of said machinery from being caught in the machinery and suffering injuries from the machinery and subject product;

d. The failure to use or incorporate proper and/or adequate safety features for the subject product including, but not limited to safety lean bars, proper or adequate emergency stop cords and/or buttons, properly located emergency stop devices, and/or guarding and/or enclosures to prevent or minimize the risk of injury from the subject product to the product's users and/or bystanders;

e. The failure to supply, suggest and/or sell and/or incorporate on the subject product reasonable and/or proper or adequate injury and/or accident prevention devices that feasibly or reasonably could be used with the subject product to prevent or minimize injury to the product's users and others in the vicinity of the subject product caused by the subject product and/or its moving components;

f. The failure to minimize to the fullest extent possible, reasonable and/or feasible, the foreseeable and other hazards associated with the subject product, including hazards and dangers associated with the use of the subject product and components pursuant to the product's intended and/or foreseeable uses and/or misuses;

7

g.  The failure to provide the subject product with every device and/or element necessary, feasible and/or reasonable for safety to make the product safe for its intended uses and/or foreseeable uses and/or misuses;

h.  The failure to properly or adequately test and/or inspect the subject product and system and its respective components by using reasonable care, and/or undertaking such care as to determine whether the subject product and components can be used without injuring its intended users and/or operators and/or those within the vicinity of the subject product during its intended use, foreseeable uses and/or misuses;

i.  The failure to provide proper or adequate warnings and/or instructions regarding the dangers created by the subject product and components including, but not limited to, the danger of being entrapped by the subject product and/or its components during the product's intended uses and/or its foreseeable uses and/or misuses;

j.  The failure to provide proper or adequate safety components, including proper or adequate netting, guards, lean bars, electronic sensor devices and/or pressure mats and/or emergency stopping devices properly and adequately located, to prevent or minimize the risk and/or danger of injury caused by the product;

k.  Designing, manufacturing, selling, supplying, assembling, fabricating, installing, maintaining and/or inspecting the subject product which, due to the lack of feasible and/or reasonable safety design and devices and/or warnings that, cause injury to the product's users during its operation;

8

l.  The failure to properly or adequately instruct, warn and/or train through warnings, instructions or material, including direct warnings on the subject product, to prevent or minimize injury to the product's users and/or bystanders;

m.  Designing, manufacturing, selling, supplying, assembling, fabricating and/or installing the subject product that was defective and/or unreasonably dangerous to the product's users and those in its vicinity;

n.  The failure to properly or adequately comply with applicable industry, CEMA and/or other applicable standards, customs, practices, or regulations, including governmental standards, statutes or regulations;

o.  The failure to incorporate and/or use for the subject product feasible safety devices, including but not limited to proper or adequate product guarding, railing, netting, lean guards/bars, safety sensors and/or matting, and/or rails, an emergency stop devices and/or systems to prevent or minimize injury in the event of human entrapment and/or contact;

p.  Failing to design, manufacture or sell a product and components that was as safe as possible for its users and/or incorporating all feasible safety devices;

q.  Failing to design, manufacture, supply or sell the subject product with feasible and/or reasonable alternative safety designs to incorporate devices and components that would have prevented or minimized Plaintiff's injury;

r.  The failure to use due care under the circumstances;

s.  Designing, manufacturing, supplying and/or selling a product in an unreasonably dangerous condition.

29. Plaintiffs incorporate by reference all averments of this Complaint for all Counts herein.

9

Case ID: 120902789

30. As a direct and proximate result of Defendant's negligence, carelessness, recklessness and/or wrongdoing, as set forth above and herein, incorporated by reference, and/or the defective or unsafe design of the subject product and its component parts, the Plaintiff-Wife suffered the following injuries and damages described above in her Complaint which include, but are not limited to, the following:

    a.   Severe physical injuries including crush and degloving injuries to her dominant right hand, including as set forth above, with residual muscle, ligament, bone and nerve damage;

    b.   Great pain, suffering and loss of life's pleasures, past and future;

    c.   Medical, rehabilitative expenses, past and future;

    d.   Lost earnings, wages and earnings capacity, past and future;

    e.   Other injuries, the full extent of which are still not known, all of which may be permanent;

    f.   Disfigurement and scarring.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs.  Plaintiffs also demand interest, costs and delay damages from said Defendant.

## COUNT II-STRICT LIAIBLITY
## PLAINTIFFS v. DEFENDANT

For their Second Count, Plaintiffs aver as follows:

31. Plaintiffs hereby incorporate by reference the paragraphs above as though fully set forth at length herein.

10

Case ID: 120902789

32. At all relevant times, Defendant was regularly in the business of designing, manufacturing, selling and/or supplying products and component parts such as the one involved in Plaintiff's accident.

33. Based on information and belief, Defendant still supplies and/or sells spare parts for said machinery of like kind model and purpose.

34. Based on information and belief, Defendant still sells products, and parts under the Charmarker and/or Stein label.

35. At all relevant times, the product in question was without substantial change from the condition in which it was sold.

36. The subject product, and its respective component parts, was defective, unreasonably dangerous and in an unsafe condition when it left Defendant's control and possession, when sold.

37. At all relevant times, the subject product was unsafe for its intended uses and for its reasonably foreseeable uses and/or misuses when it was sold by Defendant.

38. Based on information and belief, the aforementioned product and its component parts were not designed, manufactured, assembled, sold, fabricated and/or supplied with every element component necessary to make it safe for use and/or the respective uses, including their intended and/or other uses, and possessed hazards and unsafe and unreasonably dangerous conditions which rendered the product unsafe for its intended use and/or other uses, including those that are foreseeable uses which would have been minimized and/or eliminated through a feasible and/or reasonable alternative safety design, devices, warnings and/or components.

39. As a direct and proximate result of the defective design and unsafe condition of Defendant's product and/or at its component parts, Plaintiff suffered the following injuries and damages:

Case ID: 120902789

   a.  Severe physical injuries including crush and degloving injuries to her dominant right hand, including as set forth above, with residual muscle, ligament, bone and nerve damage;

   b.  Great pain, suffering and loss of life's pleasures, past and future;

   c.  Medical, rehabilitative expenses, past and future;

   d.  Lost earnings, wages and earnings capacity, past and future;

   e.  Other injuries, the full extent of which are still not known, all of which may be permanent;

   f.  Disfigurement and scarring.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs. Plaintiffs also demand interest, costs and delay damages from said Defendant.

## COUNT III-BREACHES OF WARRANTY
## PLAINTIFF v. DEFENDANT

For their Third Count, Plaintiffs aver as follows:

40. Plaintiffs hereby incorporate by reference the paragraphs above as though fully set forth at length herein.

41. Based on information and belief, at all relevant times hereto, Defendant was a seller or merchant of goods pursuant to the Pennsylvania Commercial Code 13 Pa. C.S.A. §2103, et seq.

42. Based on information and belief, at all relevant times hereto, Defendant was required to sell its product and component parts in a merchantable condition and fit for its particular purposes.

12

43. Based on information and belief, at all relevant times, the Defendant had reason to know that those using its product would be relying upon its skill and judgment furnishing a suitable product and goods which were fit for its particular purpose and were of merchantable quality.

44. Said Defendant, expressly and/or impliedly, represented the subject product's fitness and merchantability for use by placing the subject product into the stream of commerce.

45. Defendant breached said implied and/or express warranties by selling said product in a defective condition, including but not limited to its design defect and warning defects, referenced above, incorporated by reference.

46. Based on information and belief, at some time prior to October 14, 2010, well known to Defendant, Defendant expressly represented or in some other manner conveyed warranties that the subject product and its component parts was safe for the purposes intended and was of merchantable quality.

47. Based on information and belief, at some time prior to October 14, 2010, said Defendant represented that the subject product was safe to use and would not cause injury to those using said product.

48. It is believed and averred that said Defendant marketed the subject product with said warranties, including those set forth above, that formed part of the bargain for selling, purchasing and/or acquiring the aforementioned product and were reasonably relied upon by the purchaser of said product.

49. Based on information and belief, in truth and in fact, said representations and warranties regarding the subject product were false and/or materially misleading.

50. As a direct and proximate result of Defendant's breaches of warranty, express and

13

implied, Plaintiff suffered severe and disabling injuries as set forth above, incorporated by reference. Specifically, Plaintiff suffered the following injuries and damages:

    a. Severe physical injuries including crush and degloving injuries to her dominant right hand, including as set forth above, with residual muscle, ligament, bone and nerve damage;

    b. Great pain, suffering and loss of life's pleasures, past and future;

    c. Medical, rehabilitative expenses, past and future;

    d. Lost earnings, wages and earnings capacity, past and future;

    e. Other injuries, the full extent of which are still not known, all of which may be permanent;

    f. Disfigurement and scarring.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for an amount in excess of Fifty Thousand ($50,000.00) Dollars exclusive of interest and costs. Plaintiffs also demand interest, costs and delay damages from said Defendant.

## COUNT IV-LOSS OF CONSORTIUM

### PLAINTIFF DAVID FLORES v. DEFENDANT

For their Fourth Count, Plaintiffs aver as follows:

51. Plaintiffs hereby incorporate by reference the paragraphs above as though fully set forth at length herein.

52. Plaintiff-Husband asserts claims for lost consortium against Defendants.

53. As a direct and proximate result of the aforesaid accident and injuries to Plaintiff-Wife, Plaintiff-Husband suffered the following damages for which he asserts losses of consortium:

    a. Loss of his wife's services, society and conjugal fellowship and companionship;

Case ID: 120902789

b.  Injuries to their marriage and to their martial covenant.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for an amount in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of interest and costs.  Plaintiffs also demand interest, delay damages and costs from said Defendant.

Respectfully submitted,

GALFAND BERGER, LLP

BY:_____

ARTHUR L. BUGAY, ESQUIRE

15

Case ID: 120902789

# Exhibit "A"

17

Case ID: 120902789

GALFAND BERGER, L.L.P.
BY:  ARTHUR L. BUGAY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
PA ID 62251
abugay@galfandberger.com

RACHAEL GONZALEZ
DAVID FLORES w/h

Plaintiff,

v.

STEIN, A FRIGOSCANDIA COMPANY, ET AL

Defendants

Attorney for
Plaintiffs

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TRIAL DIVISION

SEPTEMBER TERM, 2012
NO  002789

## STIPULATION

The product at issue in this case references Stein, a Frigoscandia Company ("subject product").  All parties, through their counsel, hereby stipulate and agree that Defendant John Bean Technologies Corporation, p/f/d/b/a JBT Corporation ("JBT") is the proper party identified in response to the products liability claims asserted by Plaintiffs in the above civil action. Should such liability be found, which Defendants deny, through verdict or otherwise, there will be no asserted defense by Defendant JBT that it should not be held responsible for the product liability claims asserted by Plaintiffs because it allegedly did not design, manufacture or sell the subject product.

It is further stipulated and agreed that Defendant JBT stands in the position of designer, manufacturer and seller of the subject product as if it was the original designer, manufacturer and seller of the subject product.  Pursuant to this Stipulation, it is therefore a stipulated fact that the subject product was designed, manufactured and/or sold by Defendant JBT, exclusively, and without participation or involvement by the following Defendants:  FMC Tech, Inc., Frigoscandia Food Process Systems, AB, JBT Foodtech, Ind and as a division of  FMC Corporation, Sam Stein Associates, Bettcher Industries, Stein, Inc., a Delaware Corporation,

Case ID: 120902789

Stein, Inc., Stein Associates, Inc., SA Acquisition Company, Frigoscandia Food Process Systems, Frigoscandia Equipment, Frigoscandia, Inc., Stein, a Frigoscandia Company, and FMC Technologies; and it is stipulated and agreed that Plaintiffs' claims against FMC Tech, Inc., Frigoscandia Food Process Systems, AB, JBT Foodtech, Ind.& as a division of JBT Corporation, FMC Corporation, Sam Stein Associates, Bettcher Industries, Stein, Inc., a Delaware Corporation, Stein, Inc., Stein Associates, Inc., SA Acquisition Company, Frigoscandia Food Process Systems, Frigoscandia Equipment, Frigoscandia, Inc., Stein, a Frigoscandia Company, and FMC Technologies are hereby withdrawn without prejudice.

Should it be established that any dismissed Defendant is involved with regard to said matter, there will be no objection with regard to any limitations period of time so long as Plaintiff adds said dismissed Defendant to the Complaint within twelve (12) months of the date of signature of this Stipulation

It is further stipulated and agreed that counsel for Defendants, identified below, has authority to enter into this stipulation as stated.

It is further stipulated and agreed that the caption to this civil matter is hereby amended as follows:

RACHAEL GONZALEZ
DAVID FLORES

    VS.

JOHN BEAN TECHNOLOGIES CORPORATION, a/p/f/d/b/a JBT CORPORATION

So Stipulated And Agreed To By:

_____
HARRY N. ARGER, ESQUIRE
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
Attorney for Defendants

_____
ARTHUR L. BUGAY, ESQUIRE
Galfand Berger, LLP
1835 Market Street, Suite 2710
Philadelphia, PA 19103
Attorney for Plaintiffs

Dated: _12/13/12_____

Dated: _12/12/12_____

Case ID: 120902789

GALFAND BERGER. L.L.P.
BY:  ARTHUR L. BUGAY, ESQUIRE
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
PA ID 62251
abugay@galfandberger.com

Attorney for
Plaintiffs

RACHAEL GONZALEZ
DAVID FLORES w/h

    Plaintiff,

        v.

STEIN, A FRIGOSCANDIA COMPANY, ET AL

    Defendants

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TRIAL DIVISION

SEPTEMBER TERM, 2012
NO. 002789

## STIPULATION

The product at issue in this case references Stein, a Frigoscandia Company ("subject product").  All parties, through their counsel, hereby stipulate and agree that Defendant John Bean Technologies Corporation, p/f/d/b/a JBT Corporation ("JBT") is the proper party identified in response to the products liability claims asserted by Plaintiffs in the above civil action. Should such liability be found, which Defendants deny, through verdict or otherwise, there will be no asserted defense by Defendant JBT that it should not be held responsible for the product liability claims asserted by Plaintiffs because it allegedly did not design, manufacture or sell the subject product.

It is further stipulated and agreed that Defendant JBT stands in the position of designer, manufacturer and seller of the subject product as if it was the original designer, manufacturer and seller of the subject product.  Pursuant to this Stipulation, it is therefore a stipulated fact that the subject product was designed, manufactured and/or sold by Defendant JBT, exclusively, and without participation or involvement by the following Defendants:   FMC Tech, Inc., Frigoscandia Food Process Systems, AB, JBT Foodtech, Ind and as a division of  FMC Corporation, Sam Stein Associates, Bettcher Industries, Stein, Inc., a Delaware Corporation,

Stein, Inc., Stein Associates, Inc., SA Acquisition Company, Frigoscandia Food Process Systems, Frigoscandia Equipment, Frigoscandia, Inc., Stein, a Frigoscandia Company, and FMC Technologies; and it is stipulated and agreed that Plaintiffs' claims against FMC Tech, Inc., Frigoscandia Food Process Systems, AB, JBT Foodtech, Ind.& as a division of JBT Corporation, FMC Corporation, Sam Stein Associates, Bettcher Industries, Stein, Inc., a Delaware Corporation, Stein, Inc., Stein Associates, Inc., SA Acquisition Company, Frigoscandia Food Process Systems, Frigoscandia Equipment, Frigoscandia, Inc., Stein, a Frigoscandia Company, and FMC Technologies are hereby withdrawn without prejudice.

Should it be established that any dismissed Defendant is involved with regard to said matter, there will be no objection with regard to any limitations period of time so long as Plaintiff adds said dismissed Defendant to the Complaint within twelve (12) months of the date of signature of this Stipulation

It is further stipulated and agreed that counsel for Defendants, identified below, has authority to enter into this stipulation as stated.

It is further stipulated and agreed that the caption to this civil matter is hereby amended as follows:

RACHAEL GONZALEZ
DAVID FLORES

    VS.

JOHN BEAN TECHNOLOGIES CORPORATION, a/p/f/d/b/a JBT CORPORATION

So Stipulated And Agreed To By:

_____
ROBERT A. KORN, ESQUIRE
JOSHUA C. QUINTER, ESQUIRE
Kaplin, Stewart, Meloff, Reiter & Stein, P.C.
Union Meeting Corporate Center
910 Harvest Drive
P.O. Box 3037
Blue Bell, Pennsylvania 19422
Attorney for Defendants

Dated:_____

_____
ARTHUR L. BUGAY, ESQUIRE
Galfand Berger, LLP
1835 Market Street, Suite 2710
Philadelphia, PA 19103

Attorney for Plaintiffs

Dated:____1/11/13____

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signers. Signers verify that they have read the within pleading and that it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifiers have relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. R.C.P. §4904 relating to unsworn falsification to authorities.

Rachael Gonzalez
David Flores Flores

Case ID: 120902789

# EXHIBIT 4



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| *GONZALEZ ETAL* | *September Term 2012* |
| *VS* | *No. 02789* |
| *STEIN, A FRIGOSCANDIA COMPANY ETA* | |

*CASE MANAGEMENT ORDER*
*COMPLEX TRACK*

AND NOW, 18-JAN-2013 , it is Ordered that:

1. The case management and time standards adopted for complex track cases shall be applicable to this case and are hereby incorporated into this Order.

2. All *discovery* on the above matter shall be completed not later than *07-APR-2014.*

3. *Plaintiff* shall identify and submit *curriculum vitae and expert reports* of all expert witnesses intended to testify at trial to all other parties not later than *05-MAY-2014.*

4. *Defendant and any additional defendants* shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than *02-JUN-2014.*

5. All *pre-trial motions* shall be filed not later than *02-JUN-2014.*

6. A *settlement conference* may be scheduled at any time after *07-JUL-2014.* Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following:

    (a). A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;

    (b). A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount;

    (c). Defendant shall identify all applicable insurance carriers, together with applicable limits of liability.

7. A *pre-trial conference* will be scheduled any time after *01-SEP-2014.* Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following:

    (a). A concise summary of the nature of the case if plaintiff or the defense if defendant or

Gonzalez Etal Vs Stein,-CMOIS



12090278900038

additional defendant;

(b).    A list of all witnesses who may be called to testify at trial by name and address.  Counsel should expect witnesses not listed to be precluded from testifying at trial;

(c).    A list of all exhibits the party intends to offer into evidence.  All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference.  Counsel should expect any exhibit not listed to be precluded at trial;

(d).    Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount.  This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and

(e).    Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability;

(f).    Each counsel shall provide an estimate of the anticipated length of trial.

8.    *It is expected that the case will be ready for trial 06-OCT-2014*, and counsel should anticipate trial to begin expeditiously thereafter.

9.    All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this Order.

*BY THE COURT:*

_____

*JACQUELINE ALLEN, J.*
*TEAM LEADER*

\\C2P75666 (Rev 11/04)