**NOTICE TO PLEAD**

TO:  <u>PLAINTIFFS RACHEL GONZALEZ AND DAVID FLORES</u>

YOU ARE HEREBY NOTIFIED TO FILE A WRITTEN RESPONSE TO THE ENCLOSED <u>DEFENDANT JOHN BEAN TECHNOLOGIES CORPORATION'S ANSWER WITH NEW MATTER TO THE COMPLAINT</u> WITHIN TWENTY (20) DAYS FROM SERVICE HEREOF OR A JUDGMENT MAY BE ENTERED AGAINST YOU.

BY: <u>/s/Harry N. Arger</u>
     HARRY N. ARGER, ESQUIRE (admitted *pro hac vice*)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL GONZALEZ and DAVID FLORES, : | |
| Plaintiffs : | |
| v. : | No. 2:13-CV-01132-PBT |
| JOHN BEAN TECHNOLOGIES CORP., : | |
| p/f/d/b/a JBT CORPORATION, : | |
| Defendant : | |

### ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT JOHN BEAN TECHNOLOGIES <u>CORPORATION TO THE COMPLAINT</u>

Defendant, John Bean Technologies Corporation ("Answering Defendant"), by and through its undersigned attorneys, hereby answers the Complaint and avers as follows:

### <u>ANSWER</u>

1.    Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 1 and therefore denies them as a matter of law.  To the extent the averments of paragraph 1 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

2.    Admitted in part; denied in part.  It is admitted only that Defendant John Bean Technologies is a Delaware corporation with a principal place of business located at 70 West

Madison Avenue, Chicago, IL 60602.  The remaining averments of paragraph 2 are specifically denied.

3.      Admitted.

4.      Admitted.  By way of further answer, the documents filed with the Court speak for themselves.

5.      Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 5 and therefore denies them as a matter of law.  To the extent the averments of paragraph 5 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

6.      Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 6 and therefore denies them as a matter of law.  To the extent the averments of paragraph 6 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

7.      Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 7 and therefore denies them as a matter of law.  To the extent the averments of paragraph 7 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.  By way of further answer, Answering Defendant has not yet had an opportunity to inspect the product at issue and therefore has not had an opportunity to determine whether it was manufactured by Defendant.

8.      Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 8 and therefore denies them as a matter of law.  To the extent the averments of paragraph 8 constitute argument

and conclusions of law, no response is required and they are denied as a matter of law.  By way of further answer, Answering Defendant specifically denies that the product that it manufactured caused or was the proximate cause of any injuries suffered by Plaintiffs

9.      Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 1 and therefore denies them as a matter of law.  To the extent the averments of paragraph 1 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

10.      Admitted.

a.      Admitted.

b.      Admitted.

c.      Admitted.

11.      Admitted.

12.      Denied as stated.  The case has been properly removed to the United States District Court for the Eastern District of Pennsylvania, which is a proper venue and jurisdiction for the case.

13.      Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 13 and therefore denies them as a matter of law.  To the extent the averments of paragraph 13 constitute argument and conclusions of law, no response is required and they are denied as a matter of law. By way of further answer, Answering Defendant has not yet had an opportunity to inspect the product at issue and therefore has not had an opportunity to determine whether it was manufactured by Defendant.

14.     Denied.  Said averment constitutes argument and conclusions of law to which no response is required and is therefore denied as a matter of law.

15.     Denied.  Said averment constitutes argument and conclusions of law to which no response is required and is therefore denied as a matter of law.

16.     Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 16 and therefore denies them as a matter of law.  To the extent the averments of paragraph 16 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

17.      Denied.  Said averment constitutes argument and conclusions of law to which no response is required and is therefore denied as a matter of law.

18.     Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 18 and therefore denies them as a matter of law.  To the extent the averments of paragraph 18 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

19.     Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 19 and therefore denies them as a matter of law.  To the extent the averments of paragraph 19 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

20.     Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20 and therefore denies them as a matter of law.  To the extent the averments of paragraph 20 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

a.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(a) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(a) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

b.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(b) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(b) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

c.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(c) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(c) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

d.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(d) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(d) constitute argument and

conclusions of law, no response is required and they are denied as a matter of law.

e.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(e) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(e) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

f.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(f) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(f) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

g.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(g) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(g) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

h.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(h) and therefore denies them as a matter of law.  To the

extent the averments of paragraph 20(h) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

i.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(i) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(i) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

j.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(j) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(j) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

k.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 20(k) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(k) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

l.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of

paragraph 20(l) and therefore denies them as a matter of law.  To the extent the averments of paragraph 20(l) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

21.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 21 and therefore denies them as a matter of law.  To the extent the averments of paragraph 21 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

22.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 22 and therefore denies them as a matter of law.  To the extent the averments of paragraph 22 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

23.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 23 and therefore denies them as a matter of law.  To the extent the averments of paragraph 23 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

24.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 24 and therefore denies them as a matter of law.  To the extent the averments of paragraph 24 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

a.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 24(a) and therefore denies them as a matter of law.  To the

extent the averments of paragraph 24(a) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

b.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 24(b) and therefore denies them as a matter of law.  To the extent the averments of paragraph 24(b) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

c.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 24(c) and therefore denies them as a matter of law.  To the extent the averments of paragraph 24(c) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

d.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 24(d) and therefore denies them as a matter of law.  To the extent the averments of paragraph 24(d) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

25.    Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 25 and

therefore denies them as a matter of law.  To the extent the averments of paragraph 25 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

26.     Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 26 and therefore denies them as a matter of law.  To the extent the averments of paragraph 26 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

**COUNT I - NEGLIGENCE**

**PLAINTIFFS v. DEFENDANT**

27.     Answering Defendant incorporates paragraphs 1 through 26 herein as if stated fully at length.

28.     Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28 and therefore denies them as a matter of law.  To the extent the averments of paragraph 28 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

a.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(a) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(a) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

b.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(b) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(b) constitute argument and

conclusions of law, no response is required and they are denied as a matter of law.

c.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(c) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(c) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

d.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(d) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(d) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

e.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(e) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(e) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

f.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(f) and therefore denies them as a matter of law.  To the

extent the averments of paragraph 28(f) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

g.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(g) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(g) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

h.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(h) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(h) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

i.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(i) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(i) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

j.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of

paragraph 28(j) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(j) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

k.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(k) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(k) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

l.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(l) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(l) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

m.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(m) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(m) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

n.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(n) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(n) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

o.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(o) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(o) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

p.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(p) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(p) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

q.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(q) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(q) constitute argument and

conclusions of law, no response is required and they are denied as a matter of law.

r.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 28(r) and therefore denies them as a matter of law.  To the extent the averments of paragraph 28(r) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

29.    Denied.  Answering Defendant incorporates paragraphs 1 through 26 herein as if stated fully at length.  By way of further answer, Answering Defendant is without sufficient knowledge or information, after reasonable investigation, to admit or deny the averments of paragraph 29 and therefore denies them as a matter of law.  To the extent the averments of paragraph 29 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

30.    Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30 and therefore denies them as a matter of law.  To the extent the averments of paragraph 30 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

a.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30(a) and therefore denies them as a matter of law.  To the extent the averments of paragraph 30(a) constitute argument and

conclusions of law, no response is required and they are denied as a matter of law.

b.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30(b) and therefore denies them as a matter of law.  To the extent the averments of paragraph 30(b) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

c.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30(c) and therefore denies them as a matter of law.  To the extent the averments of paragraph 30(c) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

d.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30(d) and therefore denies them as a matter of law.  To the extent the averments of paragraph 30(d) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

e.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30(e) and therefore denies them as a matter of law.  To the

extent the averments of paragraph 30(e) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

f.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 30(f) and therefore denies them as a matter of law.  To the extent the averments of paragraph 30(f) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

WHEREFORE, Defendant, John Bean Technologies Corporation, demands judgment in its favor and against Plaintiffs Rachel Gonzalez and David Flores.

## COUNT II - STRICT LIABILITY

## PLAINTIFFS v. DEFENDANT

31.    Answering Defendant incorporates paragraphs 1 through 30 herein as if stated fully at length.

32.    Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 32 and therefore denies them as a matter of law.  To the extent the averments of paragraph 32 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

33.    Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 33 and therefore denies them as a matter of law.  To the extent the averments of paragraph 33 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

34.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 34 and therefore denies them as a matter of law.  To the extent the averments of paragraph 34 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

35.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 35 and therefore denies them as a matter of law.  To the extent the averments of paragraph 35 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

36.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 36 and therefore denies them as a matter of law.  To the extent the averments of paragraph 36 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

37.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 37 and therefore denies them as a matter of law.  To the extent the averments of paragraph 37 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

38.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 38 and therefore denies them as a matter of law.  To the extent the averments of paragraph 38 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

39.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 39 and

therefore denies them as a matter of law.  To the extent the averments of paragraph 39 constitute
argument and conclusions of law, no response is required and they are denied as a matter of law.

a.      Denied.  After reasonable investigation, Answering Defendant is without
sufficient knowledge or information to admit or deny the averments of
paragraph 39(a) and therefore denies them as a matter of law.  To the
extent the averments of paragraph 39(a) constitute argument and
conclusions of law, no response is required and they are denied as a matter
of law.

b.      Denied.  After reasonable investigation, Answering Defendant is without
sufficient knowledge or information to admit or deny the averments of
paragraph 39(b) and therefore denies them as a matter of law.  To the
extent the averments of paragraph 39(b) constitute argument and
conclusions of law, no response is required and they are denied as a matter
of law.

c.      Denied.  After reasonable investigation, Answering Defendant is without
sufficient knowledge or information to admit or deny the averments of
paragraph 39(c) and therefore denies them as a matter of law.  To the
extent the averments of paragraph 39(c) constitute argument and
conclusions of law, no response is required and they are denied as a matter
of law.

d.      Denied.  After reasonable investigation, Answering Defendant is without
sufficient knowledge or information to admit or deny the averments of
paragraph 39(d) and therefore denies them as a matter of law.  To the

extent the averments of paragraph 39(d) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

e.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 39(e) and therefore denies them as a matter of law.  To the extent the averments of paragraph 39(e) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

f.      Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 39(f) and therefore denies them as a matter of law.  To the extent the averments of paragraph 39(f) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

WHEREFORE, Defendant, John Bean Technologies Corporation, demands judgment in its favor and against Plaintiffs Rachel Gonzalez and David Flores.

**COUNT III - BREACHES OF WARRANTY**

**<u>PLAINTIFF v. DEFENDANT</u>**

40.      Answering Defendant incorporates paragraphs 1 through 39 herein as if stated fully at length.

41.      Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 41 and

therefore denies them as a matter of law.  To the extent the averments of paragraph 41 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

42.   Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 42 and therefore denies them as a matter of law.  To the extent the averments of paragraph 42 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

43.   Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 43 and therefore denies them as a matter of law.  To the extent the averments of paragraph 43 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

44.   Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 44 and therefore denies them as a matter of law.  To the extent the averments of paragraph 44 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

45.   Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 45 and therefore deny them as a matter of law.  To the extent the averments of paragraph 45 constitute argument and conclusions of law, no response is required and they are denied as a matter of law. By way of further answer, Answering Defendant has not yet had an opportunity to inspect the product at issue and therefore has not had an opportunity to determine whether it was manufactured by Defendant.

46.   Denied.   After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 46 and

therefore denies them as a matter of law.  To the extent the averments of paragraph 46 constitute argument and conclusions of law, no response is required and they are denied as a matter of law. By way of further answer, Answering Defendant has not yet had an opportunity to inspect the product at issue and therefore has not had an opportunity to determine whether it was manufactured by Defendant.

47.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 47 and therefore denies them as a matter of law.  To the extent the averments of paragraph 47 constitute argument and conclusions of law, no response is required and they are denied as a matter of law. By way of further answer, Answering Defendant has not yet had an opportunity to inspect the product at issue and therefore has not had an opportunity to determine whether it was manufactured by Defendant.

48.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 48 and therefore denies them as a matter of law.  To the extent the averments of paragraph 48 constitute argument and conclusions of law, no response is required and they are denied as a matter of law. By way of further answer, Answering Defendant has not yet had an opportunity to inspect the product at issue and therefore has not had an opportunity to determine whether it was manufactured by Defendant.

49.     Denied.    After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 49 and therefore denies them as a matter of law.  To the extent the averments of paragraph 49 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

50.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50 and therefore denies them as a matter of law.  To the extent the averments of paragraph 50 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

a.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50(a) and therefore denies them as a matter of law.  To the extent the averments of paragraph 50(a) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

b.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50(b) and therefore denies them as a matter of law.  To the extent the averments of paragraph 50(b) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

c.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50(c) and therefore denies them as a matter of law.  To the extent the averments of paragraph 50(c) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

     d.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50(d) and therefore denies them as a matter of law.  To the extent the averments of paragraph 50(d) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

     e.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50(e) and therefore denies them as a matter of law.  To the extent the averments of paragraph 50(e) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

     f.     Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 50(f) and therefore denies them as a matter of law.  To the extent the averments of paragraph 50(f) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

WHEREFORE, Defendant, John Bean Technologies Corporation, demands judgment in its favor and against Plaintiffs Rachel Gonzalez and David Flores.

## COUNT IV - LOSS OF CONSORTIUM

### PLAINTIFF DAVID FLORES v. DEFENDANT

51.     Answering Defendant incorporates paragraphs 1 through 50 herein as if stated fully at length.

52.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 52 and therefore denies them as a matter of law.  To the extent the averments of paragraph 52 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

53.     Denied.     After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 53 and therefore denies them as a matter of law.  To the extent the averments of paragraph 53 constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

        a.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 53(a) and therefore denies them as a matter of law.  To the extent the averments of paragraph 53(a) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

        b.    Denied.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to admit or deny the averments of paragraph 53(b) and therefore denies them as a matter of law.  To the extent the averments of paragraph 53(b) constitute argument and conclusions of law, no response is required and they are denied as a matter of law.

WHEREFORE, Defendant, John Bean Technologies Corporation, demands judgment in its favor and against Plaintiffs Rachel Gonzalez and David Flores.

## AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      All or part of the claims asserted by Plaintiffs are barred by the applicable statutes of limitation and/or repose.

3.      Plaintiffs' injuries and/or damages alleged in the Complaint were caused or contributed to, in whole or in part, by Plaintiff Rachael Gonzalez's own conduct or the negligence, carelessness or other wrongful conduct of her employer, any service or repair technician, and/or other individuals or entities over whom Defendant had no control and for whom Defendant is not liable.

4.      If Plaintiffs have sustained damages and/or injuries as alleged in the Complaint, such damages, injuries or losses were caused in whole or in part by an intervening and/or supervening cause or causes.

5.      Any alleged defect in the subject product at issue was caused by the intervening acts of third parties over whom Defendant had no control, including but not limited to the actions of Plaintiff Rachael Gonzalez's employer and/or any service or repair contractor.

6.      The characteristics of the subject product were open and obvious to Plaintiff Rachel Gonzalez.  On information and belief, Plaintiff Rachel Gonzalez was experienced with the subject product and aware of these characteristics, and notwithstanding this knowledge and experience purposely reached into an internal portion of the subject product.  Plaintiffs' claims are barred by the open and obvious defense.

7.      Plaintiffs' injuries and damages were the result of an unforeseeable misuse, abuse, modification and/or alteration of the subject product at issue by persons or entities over whom Defendant had no control or right to control.

8. The subject product allegedly involved in this incident was within the state of the art at the time of sale and was designed, manufactured, and tested pursuant to generally recognized and prevailing standards and was in conformance with any statutes, regulations, requirements and/or specifications that governed the subject product at the time of manufacture and sale.

9. Plaintiffs' claims fail because the damages, if any, were caused or contributed to by Plaintiffs' failure to mitigate, minimize, or avoid the damages alleged in the Complaint, if any; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

10. Any alleged defect in the subject product did not render it unreasonably dangerous, thereby precluding any strict liability claim.

11. In the unlikely event that Defendant is found liable to any degree, the damages recoverable from Defendant should be limited to the percentage of its relative degree of fault as compared with other parties to this action, as well as other persons or entities not presently before this Court.

12. Any alleged defect in the subject product did not exist at the time the product left the Defendant's control.

13. The characteristics of the subject product were open and obvious to Plaintiff Rachel Gonzalez. On information and belief, Plaintiff Rachel Gonzalez was experienced with the subject product and aware of these characteristics, and notwithstanding this knowledge and experience purposely reached into an internal portion of the subject product. Plaintiffs' claims are barred by the doctrine of the assumption of the risk.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

15.     Plaintiffs have no right to recover, or a verdict should be reduced by, the value of any benefits received by Plaintiffs, paid on behalf of Plaintiffs, or available to Plaintiffs from any collateral source.

16.     Defendant is entitled to a set off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages.

17.     Any implied warranty was effectively disclaimed by the warranties and/or sales documents issued to the purchaser of the subject product.

18.     Recovery of incidental or consequential damages is barred by the warranties and/or sales documents issued to the purchaser of the subject product.

19.     Any alleged defect in the subject product was caused by improper installation and/or modification by Plaintiff Rachael Gonzalez, her employer, and/or any service, repair contractor, or other third party over whom Answering Defendant had no control or right of control.

20.     Defendant reserves the right to amend its Answer and assert additional defenses and/or supplement, alter, or change its Answer and Affirmative Defenses upon the discovery of more definitive facts and upon the completion of continuing investigation and discovery.

WHEREFORE, Defendant, John Bean Technologies Corporation, demands judgment in its favor and against Plaintiffs Rachel Gonzalez and David Flores.

Dated: April 2, 2013

Respectfully submitted,

DYKEMA GOSSETT PLLC


By:/s/Harry N. Arger
HARRY N. ARGER, ESQUIRE (admitted *pro hac vice*)
STEPHEN M. MAHIEU, ESQUIRE (admitted *pro hac vice*)

and

KAPLIN STEWART MELOFF REITER & STEIN, PC
ROBERT A. KORN, ESQUIRE
JOSHUA C. QUINTER, ESQUIRE
KARIN CORBETT, ESQUIRE

Attorneys for Defendant John Bean Technologies Corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RACHEL GONZALEZ and DAVID | : | |
| FLORES, | : | |
| Plaintiffs | : | |
| v. | : | No. 2:13-CV-01132-PBT |
| JOHN BEAN TECHNOLOGIES CORP., | : | |
| p/f/d/b/a JBT CORPORATION, | : | |
| Defendant | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 2, 2013, the foregoing Answer with

Affirmative Defenses to Plaintiffs' Complaint was caused to be filed with the Clerk of the Court

using the ECF system, which sent electronic notification of the filing on the same day to all

registered participants.


<u>/s/Harry N. Arger</u>